**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4134**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

GEORGE EDWARD MITCHUM,

Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, District Judge. (4:08-cr-01174-TLW-1)

Submitted: February 25, 2011          Decided: March 21, 2011

Before SHEDD, DUNCAN, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William W. Watkins, Sr., WILLIAM W. WATKINS, P.A., Columbia, South Carolina, for Appellant. William N. Nettles, United States Attorney, A. W. Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, Greg D. Andres, Acting Deputy Assistant Attorney General, Lanny A. Breuer, Assistant Attorney General, Washington, D.C., Thomas E. Booth, DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Edward Mitchum was convicted of: conspiracy to traffic in cocaine, cocaine base, and marijuana; two counts of possession of cocaine with intent to distribute; using and carrying a firearm during a drug trafficking crime; and possession of a firearm by a convicted felon. He was sentenced to 420 months in prison. Mitchum now appeals. In his formal brief, he contends that certain Fed. R. Evid. 404(b) evidence was improperly admitted at trial. He also raises three sentencing errors under Anders v. California, 386 U.S. 738 (1967), but states that none has merit. Mitchum has filed a pro se brief raising three additional claims.

I

Mitchum contends that the district court admitted certain evidence in violation of Fed. R. Evid. 404(b). We review decisions to admit evidence for abuse of discretion. United States v. Forrest, 429 F.3d 73, 79 (4th Cir. 2005). An abuse of discretion "occurs only when it can be said that the trial court acted arbitrarily or irrationally in admitting evidence." United States v. Williams, 445 F.3d 724, 732 (4th Cir. 2006) (internal quotation marks omitted).

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show

2

action in conformity therewith." Fed. R. Evid. 404(b). Such evidence "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id. Further, "[t]o be admissible under Rule 404(b), evidence must be (1) relevant to an issue other than character; (2) necessary; and (3) reliable." United States v. Siegel, 536 F.3d 306, 317 (4th Cir. 2008) (internal quotation marks omitted). "Rule 404(b) is . . . an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove only criminal disposition." United States v. Young, 248 F.3d 260, 271-72 (4th Cir. 2001) (internal quotation marks omitted). "As a rule of inclusion, the rule's list is not exhausting." United States v. Queen, 132 F.3d 991, 994-95 (4th Cir. 1997).

"Evidence sought to be admitted under Rule 404(b) must also satisfy [Fed. R. Evid.] 403 . . . ," Siegel, 536 F.3d at 319, such that its probative value is not "substantially outweighed" by its prejudicial quality. Queen, 132 F.3d at 995. Under Rule 403, "damage to a defendant's case is not a basis for excluding probative evidence" because "[e]vidence that is highly probative invariably will be prejudicial to the defense." United States v. Grimmond, 137 F.3d 823, 833 (4th Cir. 1998). "Rule 403 requires exclusion of evidence only in those instances where the trial judge believes that there is a genuine risk that

3

the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence." United States v. Mohr, 318 F.3d 613, 618 (4th Cir. 2003) (internal quotation marks omitted).

Mitchum contends that the district court admitted the following evidence in violation of Rule 404(b): (1) evidence that he shot into the home of a deputy sheriff who previously served him with an arrest warrant; and (2) evidence that he abused his girlfriend. We hold that, under the above authorities, the evidence was admissible under Rule 404(b) to show Mitchum's consciousness of guilt: i.e., to show that he believed his case was weak and that he needed to threaten or intimidate potential witnesses in order to prevail. See United States v. Young, 248 F.3d 260, 272 (4th Cir. 2001). Further, the evidence was not unduly prejudicial under Rule 403: its presentation occupied only a brief part of the four-day trial; other evidence against Mitchum overwhelmingly established his guilt; and the court instructed the jury as to the limited purpose of the evidence.

II

Mitchum raises three sentencing issues pursuant to Anders v. California, but states that none has merit. He first contends that his offense level was erroneously enhanced by

4

three levels pursuant to U.S. Sentencing Guidelines Manual § 3C1.1 (2008) for obstruction of justice. The enhancement is authorized for, among other things, "threatening, intimidating, or otherwise unlawfully influencing a . . . witness . . . , directly or indirectly, or attempting to do so." USSG § 3C1.1, comment. (n.4(a)). In light of testimony that Mitchum threatened Joe Lewis Burgess and Jermaine Greene when he learned they would testify against him, the enhancement was proper.

Further, because the evidence established that Mitchum fired into the deputy sheriff's residence, the enhancement under USSG § 3A1.2(a) ("Official Victim") was appropriate. Finally, while the district court acknowledged that it had some discretion to vary from the powder-to-crack cocaine ratio in the sentencing guidelines, see Spears v. United States, 129 S. Ct. 840, 843-44 (2009), the court declined to adopt the 1:1 ratio proposed by Mitchum. The court's decision to abide by the ratio incorporated into the Guidelines was not an abuse of discretion.

III

In his pro se brief, Mitchum contends that there was insufficient evidence to convict him on the conspiracy charge. A jury's verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942).

5

"Substantial evidence is that evidence which a 'reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Cardwell, 433 F.3d 378, 390 (4th Cir. 2005) (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)). We review both direct and circumstantial evidence and permit the "[G]overnment the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). We do not review the credibility of witnesses, and we assume the factfinder resolved all contradictions in the testimony in favor of the Government. United States v. Sun, 278 F.3d 302, 313 (4th Cir. 2002).

To convict Mitchum of conspiracy to distribute cocaine and marijuana under 21 U.S.C. § 846 (2006), the Government had to establish beyond a reasonable doubt that: (1) two or more persons agreed to distribute the drugs; (2) Mitchum knew of the conspiracy; and (3) he "knowingly and voluntarily became a part of" the conspiracy. See United States v. Yearwood, 518 F.3d 220, 227 (4th Cir. 2008). We have never held that a criminal enterprise must have a rigid structure or be the only criminal enterprise its members are a part of before conspiratorial criminal liability can attach. Cf. Burgos, 94 F.3d at 858 ("while many conspiracies are executed with precision, the fact

6

that a conspiracy is loosely-knit, haphazard, or ill-conceived does not render it any less a conspiracy—or any less unlawful").

Testimony at trial overwhelmingly established Mitchum's violation of 21 U.S.C. § 846 (2006). Mitchum obtained significant quantities of drugs from a variety of sources, including Jody Pearson, Frederick Burgess, Matthew Brown, Charlie Redden, Jr., and Darrel Torel Mouzon. He then sold drugs he had purchased to many customers, including Clarissa Rogers, Roderick Ford, and Tony Brown. Shantel Cunningham, Mitchum's girlfriend at the time, testified that Mitchum typically sold crack to twenty persons a day. The fact that he had multiple suppliers who were not connected with one another in a tightly knit network is irrelevant because "[e]vidence of a buy-sell transaction, when coupled with a substantial quantity of drugs, would support a reasonable inference that the parties were coconspirators." United States v. Mills, 995 F.2d 480, 485 n.1 (4th Cir. 1993). Here, there was ample evidence of numerous buy-sell transactions involving significant amounts of drugs. Mitchum accordingly was properly found guilty of conspiracy.


IV

In his pro se brief, Mitchum raises two Fourth Amendment issues. He complains that there was no probable cause to support a search warrant for his home and that a traffic stop

7

was unconstitutional. No motion to suppress the evidence seized pursuant to the search warrant or during the traffic stop was filed prior to trial. Accordingly, under Fed. R. Crim. P. 12(e), Mitchum has waived his right to raise this issue on appeal. See United States v. Whorley, 550 F.3d 326, 337 (4th Cir. 2008); United States v. Ricco, 52 F.3d 58, 62 (4th Cir. 1995).

V

We find no merit in the issues raised in the formal and pro se briefs. Further, in accordance with Anders, we have reviewed the entire record for meritorious issues and have found none. We therefore affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

8